IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID E. HENRY, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ADVENTIST HEALTH CASTLE MEDICAL CENTER and ALAN CHEUNG, M.D.,<br><br>Defendants. | CIV. NO. 18-00046 JAO-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT, ECF NO. 73 |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT, ECF NO. 73**

## I. INTRODUCTION

Before the Court is Plaintiff David E. Henry, M.D.'s ("Plaintiff") Motion for Reconsideration of Order Granting Motion for Summary Judgment and/or Motion for Leave to Amend Complaint, ECF No. 73. For the reasons set forth below, the Motion for Reconsideration and Motion for Leave to Amend the Complaint are DENIED.

## II. BACKGROUND

The Order Granting Motion for Summary Judgment ("the Order") set forth the background in this action, *see Henry v. Adventist Health Castle Med. Ctr.*,

2019 WL 346701, at *1 (D. Haw. Jan. 28, 2019), and the Court assumes a familiarity with it.

Plaintiff filed the Complaint pro se on February 2, 2018, alleging one count of racial discrimination and one count of retaliation for engaging in protected activities. ECF No. 1. On September 10, 2018, Defendant filed a Motion for Summary Judgment, ECF No. 37, and a Concise Statement of Facts in support of the Motion, ECF No. 38. On October 11, 2018, Plaintiff filed his Opposition, ECF No. 40, and his Responsive Concise Statement of Facts, ECF No. 41, pro se.[1]

On November 29, 2018, the day before the hearing on the Motion for Summary Judgment was originally scheduled, Plaintiff, through his local counsel John Winnicki and Dennis King, filed a Motion to Continue the hearing and simultaneously filed an Application for Robert Meals to Appear Pro Hac Vice. ECF Nos. 52, 54. Plaintiff asserted that he retained Winnicki and King as local counsel the day before, but that he had previously retained Robert Meals (who had edited his prior pleadings), an attorney licensed and based on the mainland, to assist him in this case. ECF No. 52 at PageID #1068. Plaintiff requested a

---

[1] It later came to light that an attorney, Robert Meals, edited Plaintiff's pro se pleadings. *See Henry*, 2019 WL 346701, at *2-3. In the Order, the Court, "in an abundance of caution," construed Plaintiff's filings liberally even though he had received some assistance from an attorney. *Id.* at *3.

continuance of sixty days to allow Meals to appear on his behalf at the hearing. *Id.* On November 30, 2018, a hearing was held on the Motion to Continue. ECF No. 59. The Court granted in part and denied in part the Motion to Continue and set the hearing on the Motion for Summary Judgment for December 14, 2018. *Id.* Ultimately, Meals withdrew his Application to appear pro hac vice, ECF No. 63, and Winnicki and King appeared on behalf of Plaintiff at the hearing. ECF No. 65.

On January 28, 2019, the Court issued the Order, ECF No. 70, and Judgment was entered, ECF No. 71. On February 20, 2019, Plaintiff filed the instant Motion for Reconsideration of the Order, with which he submitted a new Declaration. ECF Nos. 73, 73-1. Defendant filed a Memorandum in Opposition on March 6, 2019, ECF No. 75, and Plaintiff filed his Reply on March 20, 2019, ECF No. 76.

### III. **DISCUSSION**

**A.   Motion for Reconsideration**

Plaintiff seeks reconsideration of the Order primarily on the basis that: (1) "the Court . . . misconstrued the underlying facts regarding the conditions under which Plaintiff performed services as a surgeon for Defendant"; and (2) when the law is applied to the facts (as clarified by Plaintiff), the Court should find an

employment relationship for the purposes of Title VII. ECF No. 73 at Page ID #1178-79. The Court is unpersuaded.

Federal Rules of Civil Procedure 59 and 60 govern case-dispositive orders like the Order.[2] *See* Local Rule 60.1 ("Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable."); *see also Adon Constr. Inc., et al. v. Renesola Am. Inc., et al.*, 2019 WL 1441597, at *1 n.1 (D. Haw. Apr. 1, 2019). "The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b)." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (en banc) (per curiam); *see also Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991).

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such amendment is "an extraordinary remedy which should be used sparingly." *McDowell*, 197 F.3d at 1255 n.1 (citation omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, there are only a few bases for amending a judgment:

---

[2] Plaintiff brings the instant motion pursuant to both Rules 59 and 60. ECF No. 73 at PageID #1220.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell*, 197 F.3d at 1255 n.1). Although "[a] court considering a Rule 59(e) motion is not limited merely to these four situations," *id*., "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

Federal Rule of Civil Procedure 60(b) provides the following grounds for relief from a case-dispositive order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

5

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration, *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Also, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 890).

### 1. *The Court Properly Construed the Facts*

Plaintiff first contends that the Court improperly relied on disputed facts when issuing the Order. ECF No. 73 at PageID #1185. However, Plaintiff appropriately concedes that he did not dispute some assertions in Defendant's Concise Statement of Facts ("Defendant's CSF"). *Id.* ("Plaintiff, filing pro se, did not dispute some of the assertions in [Defendant's CSF] because they appeared

facially correct, but their misleading and biased nature should have been noticed by the Court.").

The Court begins its evaluation of this argument with two observations. First, pro se parties must comply with Local Rule 56.1(g).[3] *See Kirksey v. Frank*, 2011 WL 1230345, at *1 n.1 (D. Haw. Mar. 31, 2011) (applying Local Rule 56.1(g) to pro se litigant and stating, "[w]hile the Court recognizes that Plaintiff is pro se, pro se litigants must still follow the same rules of procedure that govern other litigants") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)). Second, Plaintiff here in fact complied, at least in part, with Local Rule 56.1 by contesting a number of facts asserted in Defendant's CSF (none of which the Court adopted), which shows that Plaintiff was capable of challenging Defendant's version of the facts. *See* ECF No. 41; *Henry*, 2019 WL 346701, at *1 n.3 ("Where a fact is not in dispute, the Court cites directly to Defendant's CSF.") (citing Local Rule 56.1(g)).

---

[3] Local Rule 56.1(g) provides that "[f]or purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."

7

In his Opposition to the Motion for Summary Judgment, Plaintiff did not offer the facts he now raises in contradiction to Defendant's CSF and in support of the instant Motion. He essentially criticizes the Order for failing to address specific factual disputes that did not exist at the time.

For example, Plaintiff now argues *for the first time* that he did not operate a private practice of medicine and faults the Order for citing to Defendant's CSF ¶ 4[4] when it stated, "Under the Recruitment Agreement, Plaintiff was to operate a full-time private practice of medicine in his specialty on Oahu[.]" ECF No. 73 at PageID #1185-86; *Henry*, 2019 WL 346701, at *1. Notably, in the course of the Summary Judgment litigation, Plaintiff did not oppose Defendant's CSF ¶ 4. ECF No. 41. And the Physician Recruitment Agreement does in fact state that Plaintiff "shall . . . operate, a private practice of medicine in the Specialty . . . at one or more offices in [the Service Area]." ECF No. 41-2 at PageID #830. Simply put, Plaintiff's attempts to rehabilitate his case through new challenges to the previously undisputed facts fail. The time to launch such challenges was in opposition to the Motion for Summary Judgment.

---

[4] Defendant's CSF ¶ 4 provides in relevant part, "Plaintiff entered into a 'Physician Recruitment Agreement' . . . with Castle, which provides that . . . Plaintiff would establish a 'a private practice' in the specialty of general surgery at one or more offices on Oahu[.]" ECF No. 38.

8

Under both Rules 59(e) and 60(b), a court may grant a motion for reconsideration based on newly discovered evidence. *See Herron*, 634 F.3d at 1111; Fed. R. Civ. P. 60(b)(2). Under these rules, evidence is not newly discovered if the party possessed it or could have discovered it with reasonable diligence prior to the entry of judgment. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (citation omitted); *Berg v. Polis*, 1997 WL 573418, at *1 (N.D. Cal. Sept. 5, 1997) (citation omitted). Plaintiff must have known everything contained in his new Declaration at the time he responded to the Motion for Summary Judgment, and Plaintiff does not argue otherwise. Thus, this evidence is not newly discovered and is not grounds for reconsideration.[5]

///

///

///

///

---

[5] Plaintiff asserts that some of Defendant's CSF have a "misleading and biased nature," ECF No. 73 at PageID #1185. To the extent that Plaintiff is arguing some sort of misrepresentation or misconduct by Defendant under Rule 60(b)(3) or manifest injustice under Rule 59(e), the Court finds such arguments meritless, and the example concerning Defendant's CSF ¶ 4, discussed above, supports such a finding.

## 2. The Court Properly Applied the Law

### a. Plaintiff's new argument that his agreements with Defendant were contracts of adhesion

Second, Plaintiff argues *for the first time* that the agreements between Plaintiff and Defendant were contracts of adhesion,[6] and thus should not be considered as part of the *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992), analysis. ECF No. 73 at PageID #1190-91. Plaintiff further argues that the Court's interpretation of *Barnhart v. New York Life Insurance Co.*, 141 F.3d 1310 (9th Cir. 1998), is "manifestly erroneous" because *Barnhart* "did not identify the contract language as a new factor or condition supplementing or extending the *Darden* test." ECF No. 73 at PageID #1192-93.

While contract language is not an enumerated factor in *Darden*, *see id.* at 323-24, the *Darden* factors are a nonexhaustive list, *see Loomis Cabinet Co. v. Occupational Safety & Health Review Commission*, 20 F.3d 938, 942 (9th Cir. 1994). Accordingly, if the contract language has some bearing on the inquiry into "the hiring party's right to control the manner and means by which the product is accomplished," *Darden*, 503 U.S. at 323, then it is proper for the Court to consider

---

[6] Plaintiff has provided no evidence to support such an assertion, except for his new Declaration attached to the instant Motion. ECF No. 73 at PageID #1191.

10

it. And, contrary to Plaintiff's assertions, the Ninth Circuit in *Barnhart* did just that:

> Considering all factors as a whole, however, the balance tips in favor of independent contractor status. *The contract Barnhart signed contained clear language stating that Barnhart would be considered an independent contractor, not an employee.* Consistent with this, Barnhart was free to operate his business as he saw fit without day-to-day intrusions. After the first three-year term of employment, Barnhart was paid commission only. Barnhart's tax returns indicate that he received most of his income from self-employment. Additionally, Barnhart was not dependent solely upon New York Life for his income. Barnhart admittedly sold competitors' products. In light of these facts, we conclude that Barnhart was not an employee of New York Life for purposes of ERISA and the ADEA.

*Barnhart*, 141 F.3d at 1313 (emphasis added).

As a final matter, as in *Barnhart*, the Court did not rely solely on the contract language in finding employee status but rather properly relied on a number of factors, including several enumerated *Darden* factors, in making its determination. *See Henry*, 2019 WL 346701, at *4; *see also Darden*, 503 U.S. at 324 ("[A]ll of the incidents of the employment relationship must be assessed and weighed with no one factor being decisive.") (citation and quotation marks omitted).

### b. Controlling case law

Third, while Plaintiff concedes that the Court employed the correct test (the *Darden* test), he argues that the Court did not apply it correctly. ECF No. 73 at Page ID # 1199. In support of his argument, Plaintiff unpersuasively asserts that the Order ignored controlling Ninth Circuit precedent — *Mitchell v. Frank R. Howard Memorial Hospital*, 853 F.2d 762 (9th Cir. 1988) — and instead relied on "older" case law from other jurisdictions. ECF No. 73 at PageID #1201. *Mitchell* held that the plaintiff had sufficiently pled a Title VII discrimination claim under some facts similar to this case. *Mitchell*, 853 F.2d at 766. Because *Mitchell* involved a motion to dismiss, the plaintiff was only required to show that the pleadings were sufficient on their face. *Id.* Accordingly, while *Mitchell* shares some (but not all) facts with this case, it does not follow that this Court must either find employee status under summary judgment standards or else run afoul of *Mitchell*. It also does not follow that the Court should primarily value factors mentioned in *Mitchell*, *see* ECF No. 73 at PageID #1199-1200, when the Court has here been presented with a number of factors from both parties *after discovery*. Further, the Court properly looked to other circuits for guidance (as Plaintiff has done extensively in his briefing). *See Jackson v. Sisto*, 2008 WL 2396282, at *6 n.8 (C.D. Cal. June 9, 2008) ("Where there are no cases on point from the Ninth

Circuit, this Court may look to other circuits for guidance.") (citing *United States v. Tobeler*, 311 F.3d 1201, 1203 (9th Cir. 2002)).

Finally, Plaintiff argues that the Court should not rely "upon the older case law from the other circuits applying the common law agency test[.]" ECF No. 76 at PageID #1507; *see also* ECF No. 73 at PageID #1199, 1203-04. This argument is confusing because the *Darden* test, which Plaintiff concedes is the "test utilized by the Ninth Circuit," is a common law agency test. *See Darden*, 503 U.S. at 323; *Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 945 (9th Cir. 2010). Further, as Plaintiff concedes, *see* ECF No. 76 at PageID #1507, *Murray* held that "there is no functional difference between" the common law agency test and the economic realities test. *Murray*, 613 F.3d at 945. Both tests focus on a defendant's right to control the manner and means of a plaintiff's work. *Id.* Accordingly, it is proper for the Court to seek guidance from cases that use either the common law agency test or the economic realities test.[7]

///

///

---

[7] If there were any difference between the two tests, the common law agency test, not the economic realities test, would control. *See Murray*, 613 F.3d at 945 ("Even if the differences in formulation might suggest a difference in practical application, however, *Darden*'s common law test as pronounced by the Supreme Court would have to control.").

### 3. *Remaining Arguments*

Plaintiff's remaining arguments, such as arguments about how to weigh the *Darden* factors, *see* ECF No. 73 at PageID #1204-09, are the type of "mere disagreement" that is insufficient to merit reconsideration. *White*, 424 F. Supp. 2d at 1274 (citing *Leong*, 689 F. Supp. 1572).

Accordingly, the Court finds no grounds to grant reconsideration under either Rule 59(e) or 60(b) and denies the Motion for Reconsideration.

## B. Motion for Leave to Amend the Complaint

Plaintiff also seeks leave to amend the Complaint.[8] ECF No. 73 at PageID #1180. Because the Court concludes that Plaintiff fails to establish grounds for reconsideration under Rules 59 and 60, the Court may not consider Plaintiff's motion seeking leave to amend the Complaint. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."); *see also Bien v. LifeLock*

---

[8] This is an about-face from prior statements from Plaintiff's counsel. Counsel stated at the November 30, 2018 hearing that "[w]e're not asking for our firm to be given an opportunity to file supplemental memoranda with regard to the issues or to modify the pleadings or anything of that nature" — which is exactly what Plaintiff now seeks to do. 11/30/18 Tr., ECF No. 74 at 5:3-6.

*Inc.*, 2015 WL 12836019, at *1 n.1 (D. Ariz. Sept. 18, 2015), *aff'd sub nom. In re LifeLock, Inc. Sec. Litig.*, 690 F. App'x 947 (9th Cir. 2017) (refusing to consider plaintiffs' motion to amend the complaint after denying plaintiff's motion for relief pursuant to Rule 60(b)).[9] The Motion to Amend is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED and Plaintiff's Motion for Leave to Amend the Complaint is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 24, 2019

Jill A. Otake
United States District Judge

*Henry v. Adventist Health Castle Med. Ctr., et al.*, Civ No. 18-00046 JAO-KJM, Order Denying Plaintiff's Motion for Reconsideration and Motion for Leave to Amend the Complaint, ECF No. 73

---

[9] For the same reasons, the Court has no power (without reopening the case under Rules 59 or 60) to consider Plaintiff's requests to supplement the record pursuant to Rule 56(e) or to grant a continuance to conduct additional discovery, *see* ECF No. 73 at PageID #1180. *Cf. Alaska Ctr. for Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994) ("The federal rules specifically authorize the use of interrogatory answers in summary judgment practice, and any objection to their use in this case should have been made at the summary judgment stage, not after a final judgment had been entered.").